# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **LARRY CLYBURN,** | ) |
|        **Petitioner,** | ) |
| **v.** | )    **Civil Action No. 5:09-0155** |
| **DAVID BERKEBILE, Warden,** | ) |
|        **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On February 20, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) For the reasons set forth below, the undersigned respectfully recommends that Petitioner's Application be construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).

## FACT AND PROCEDURE

Petitioner was charged by a seven count Indictment filed on June 15, 2004, in the United States District Court for the Western District of Virginia. United States v. Cylburn, Criminal No. 1:04-00050 (W.D.Va. May 10, 2005), Document No. 16. In Count One, Petitioner was charged with conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Id. In Count Two, Petitioner was charged with knowingly manufacturing 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Id. In Count Three, Petitioner was charged with knowingly possessing pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) and (2). Id. In Count Four, Petitioner was charged with knowingly maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856. Id. In Count Five, Petitioner was charged with the endangerment of life by the manufacturing of a controlled substance in violation of 21 U.S.C. § 858. Id. In Count Six, Petitioner was charged with knowingly using, carrying, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Id. In Count Seven, Petitioner was charged with the possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Id. On February 2, 2005, following a two-day jury trial, Petitioner was found guilty of all seven counts as charged in the Indictment. Id., Document No. 113. On February 23, 2005, Petitioner, by counsel, filed a Motion for Acquittal as to Counts One and Six. Id., Document No. 141. By Order entered on May 3, 2005, the District Court granted Petitioner's Motion for Judgment of Acquittal as to Count Six and denied the Motion as to Count One. Id., Document No. 161. Petitioner was sentenced on May 10, 2005, to a 96-month term of imprisonment as to Counts One, Two, Three, Four, Five, and Seven, to run concurrently. Id., Document Nos. 239 and 240. The District Court also imposed a four year term of supervised release. Id.

On May 13, 2005, the United States filed its Notice of Appeal. Id., Document No. 163. On June 10, 2005, Petitioner, by counsel, filed a Notice of Appeal. Id., Document No. 174. On May 17, 2006, the Fourth Circuit Court of Appeals (1) affirmed the District Court's denial of Petitioner's Motion for Judgment of Acquittal notwithstanding the verdict as to Count One of the Indictment; and (2) reversed the District Court's granting of Petitioner's Motion for Judgment of Acquittal

notwithstanding the verdict as to Count Six of the Indictment and remanded to the District Court to reinstate the jury's verdict of guilty.[2] United States v. Clyburn, 181 Fed.Appx. 343 (4th Cir. 2006). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 2, 2006. Clyburn v. United States, 549 U.S. 933, 127 S.Ct. 314, 166 L.Ed.2d 236 (2006). The District Court resentenced Petitioner on September 11, 2006, to a total term of "One hundred fifty seven (157) months. This term consists of ninety seven (97) months as to counts 1s, 2s, 3s, 4s, 5s, and 7s to run concurrently with each other and sixty (60) months as to Count 6s to run consecutively with the other terms." Id., Document No. 268. The District Court further imposed a 4-year term of supervised release. Id. On September 18, 2006, Petitioner filed his Notice of Appeal. Id., Document No. 270. The Fourth Circuit Court of Appeals affirmed Petitioner's amended sentence on September 18, 2007. United States v. Clyburn, 247 Fed.Appx. 418 (4th Cir. 2007).

Petitioner filed the instant Petition on February 20, 2009. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Government knowingly falsified the basis for charges and resulting sentence levels on Counts 1 - 5" (Id., pp. 14 - 16.); (2) The "properly dismissed charge was reinstated at government's demand on improper basis" (Id., pp. 16 - 21.); (3) The charge contained in Count Seven was "improperly added beyond 30-day limit, on same conduct, and knowingly false basis" (Id., pp. 21 - 23.); and (4) The "false endangerment charge was added with no basis" (Id., pp. 23 - 24.). Petitioner requests that this Court release him from further incarceration. (Id., p. 29.)

---

[2] The Fourth Circuit held as follows: (1) The evidence was sufficient to support the conviction for possessing a firearm in furtherance of a drug trafficking crime; and (2) The evidence was sufficient to support the conviction for conspiracy to manufacture 50 grams or more of a mixture or substance containing methamphetamine. *Clyburn*, 181 Fed.Appx. at 346-48.

3

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and

ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Virginia. (Document No. 1.) Specifically, Petitioner alleges that his convictions are invalid due to an "illegal custodial interrogation," insufficient evidence, prosecutorial misconduct, and entrapment. (Id., pp. 14 - 24.) Thus, Petitioner requests that the Court overturn his convictions and release him from incarceration. (Id., p. 19.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District

of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because his Application construed as a Section 2255 Motion is untimely under the one year limitation period of Section 2255(f).[3]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to

---

[3] The Fourth Circuit affirmed Petitioner's amended sentence on September 18, 2007, and this sentence became final 90 days later when he did not file a petition for writ of certiorari with the United States Supreme Court (December 18, 2007). On February 20, 2009, approximately 2 months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence and conviction in Criminal No. 1:04-00050. Petitioner's Petition is therefore clearly untimely.

the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 3, 2010.

R. Clarke VanDervort
United States Magistrate Judge