# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LARRY CLYBURN,

       Petitioner,

v.             CIVIL ACTION NO. 5:09-cv-00155

DAVID BERKEBILE,

       Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Petitioner's *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document No. 1). Petitioner Larry Clyburn, an inmate at Federal Correction Institute-Beckley ("FCI-Beckley"), is currently serving one hundred fifty-seven (157) months of imprisonment following his conviction of a seven-count indictment.[1] In the instant petition, Petitioner seeks to "reduce" his sentence and requests his "release . . . from further incarceration" based on claims that: (1) the "Government knowingly falsified the basis for [the drug] charges [of which he was convicted] and [the] resulting sentence

---

[1] On February 2, 2005, following a two-day jury trial, Petitioner was found guilty of conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (count one); knowingly manufacturing 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count two); knowingly possessing pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) and (2) (count three); knowingly maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856 (count four); endangerment of life by the manufacturing of a controlled substance in violation of 21 U.S.C. § 858 (count five); knowingly using, carrying and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count six), and possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).

levels on Counts 1-5"; (2) the "properly dismissed charge [for the possession of a firearm in relation to a drug trafficking crime] was reinstated at government's demand on [an] improper basis";[2] (3) the charge contained in Count Seven [for the possession of a firearm by an unlawful user of a controlled substance] was "improperly added beyond [the] 30-day limit, on same conduct, and knowingly false basis," and (4) the "false endangerment charge [Count Five] was added with no basis."[3] (Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 1) at 14-29.) Petitioner argues that his convictions are invalid due to an "illegal custodial interrogation," insufficient evidence, prosecutorial misconduct and entrapment. (*Id*. at 14-24.)

By Standing Order entered on February 20, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2). The assigned Magistrate Judge has submitted his *Proposed Findings and Recommendation* ("PF&R") (Document No. 7), wherein he found that Petitioner, in his writ, raised claims which challenge the validity of his conviction and the sentence imposed by the sentencing court in the Western District of Virginia. Given the nature of Petitioner's claims, the Magistrate Judge found that Petitioner's Writ of Habeas Corpus [made] Pursuant to 28 U.S.C. § 2241 must be considered as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C.

---

[2] On May 3, 2005, the sentencing court granted Petitioner's Motion for Judgment of Acquittal as to Count Six and denied the motion as to Count One. However, on May 17, 2006, the Fourth Circuit Court of Appeals reversed the district court's ruling with respect to the Count Six. *United States v. Clyburn*, 181 Fed.Appx. 343 (4th Cir. 2006).

[3] *See* Proposed Findings and Recommendation (Document No. 7) for a discussion of the relevant facts and background of Petitioner's claim.

§ 2255;[4] that this District Court lacks jurisdiction to consider Petitioner's Section 2255 motion; that a transfer to the sentencing court for consideration of the Section 2255 motion would be warranted, but Petitioner's motion was time-barred. (PF&R at 5-6.) Magistrate Judge VanDervort found that Petitioner's Section 2255 motion is untimely upon consideration of the one-year limitation period of 28 U.S.C. § 2255(f).[5] Specifically, the Magistrate Judge observed that Petitioner's September 18, 2007, amended sentence became final on December 18, 2007, when Petitioner failed to file a petition for a writ of certiorari with the United States Supreme Court, and that the instant petition was filed on February 20, 2009, approximately two months after the one year period expired. (PF&R at 6, n.3.)[6] Magistrate Judge VanDervort further found that Petitioner did not and cannot

---

[4] 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[5] 28 U.S.C. § 2255(f) provides:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[6] This one-year limitation period may be raised *sua sponte* by the court. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); *see also Untied States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004) (applying *Hill* to a Section 2255 action.)

3

demonstrate that a Section 2255 motion is inadequate or ineffective, such that he would be permitted to resort to seeking relief pursuant to 28 U.S.C. § 2241. (*Id.* at 6.) Therefore, Magistrate Judge VanDervort recommended that the District Court dismiss Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 1) and remove the matter from the Court's docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2), objections to the PF&R are due within seventeen (17) days of the filing of the findings and recommendation. This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the instant PF&R were due on October 20, 2010. To date, no objections have been filed.

Upon consideration of the Petitioner's writ and the Magistrate Judge's proposed findings and recommendation, the Court adopts and incorporates herein the findings of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*. However, at this time, the Court declines the Magistrate Judge's recommendation of dismissal. "[A] district court may not recharacterize a prisoner's filing as a [Section] 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (citation omitted); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (The Supreme Court held that if a district court recharacterizes a prisoner's motion as his first

4

[Section] 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that the recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has.").

Given that this Court has found reason to recharacterize the Petitioner's instant Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C. § 2255, and determined that the one-year statute of limitations may be an issue, Petitioner is hereby **NOTIFIED** that this court intends to recharacterize his Section 2241 Petition as a Motion to Vacate, Set Aside, or Correct Sentence under Section 2255. Petitioner is afforded an opportunity to object to the Court's recharacterization as it appears that such a recharacterization would be Petitioner's first Section 2255 motion. In considering whether to proceed under Section 2255, or on the writ as filed, Petitioner is advised that: (a) There is a one-year limitation period within which to file a Section 2255 motion;[7] (b) Only one Section 2255 motion is permitted to be filed, and (c) A prisoner is not entitled to "file a second or successive . . . [Section] 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." (*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).[8]

---

[7] *See supra* n.5.

[8] Section 2255(h) provides
    A second or successive motion must be certified as provided in section 2244 by
    a panel of the appropriate court of appeals to contain –
        (1) newly discovered evidence that, if proven and viewed in light of the
        evidence as a whole, would be sufficient to establish by clear and
        convincing evidence that no reasonable factfinder would have found the
        movant guilty of the offense; or
        (2) a new rule of constitutional law, made retroactive to cases on

(continued...)

Therefore, Petitioner shall have **twenty (20) days** from the date of this Order in which to inform this court, in writing, if he objects to the Court recharacterizing his writ as a Section 2255 motion. As a result of such an objection, his *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* will be ruled on as styled and dismissed, for the reasons listed above. Petitioner may also inform the court if he wishes to "withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has." *Castro*, 540 U.S. at 383. However, if Petitioner indicates that he does not object to the recharacterization, the Court will construe his writ of habeas corpus as a Section 2255 motion. The Court further advises that if this matter is recharacterized as a Section 2255 motion, it appears that it would be barred as untimely–as discussed above–under the one-year limitation period. Therefore, Petitioner is hereby **NOTIFIED** that he shall, within the same twenty-day period afforded above, demonstrate to the Court that the Section 2255 motion would be 'filed within the proper time period.'" *Hill*, 277 F.3d at 708. If the Petitioner makes such a demonstration, his Section 2255 motion will be transferred to the sentencing court for further consideration of his Section 2255 motion. If Petitioner fails to respond to this Order during the established time period, his Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 will be recharacterized as a Section 2255 motion and dismissed as untimely.

In conclusion, the Court **ADOPTS** and incorporates herein the findings of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, but **DECLINES** the Magistrate Judge's recommendation of dismissal. It is therefore **ORDERED** that Petitioner shall have twenty (20) days from the date of this Order in which to notify the Court if he does not wish for the instant

---

[8](...continued)
  collateral review by the Supreme Court, that was previously unavailable.

petition to be construed as a Section 2255 motion. It is **FURTHER ORDERED** that if Petitioner does not object to the Court recharacterizing his petition as a Section 2255 motion, then Petitioner shall, within twenty (20) days from the date of this Order, demonstrate to the Court that the Section 2255 motion would be timely filed. It is **FURTHERED ORDERED** that this matter is re-referred to the Honorable United States Magistrate Judge R. Clarke VanDervort for consideration of Petitioner's response, if any, consistent with the instant order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 7, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA