**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **LARRY CLYBURN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:09-0155** |
| | ) | |
| **DAVID BERKEBILE, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

On February 20, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Virginia. Having considered Petitioner's claims in this matter and circumstances apparent from the record of the proceedings in the Western District of Virginia, the undersigned has concluded that this matter should be transferred to the Western District of Virginia in the interest of justice pursuant to 28 U.S.C. § 1631.

## FACT AND PROCEDURE

Petitioner was charged by a seven count Indictment filed on June 15, 2004, in the United States District Court for the Western District of Virginia. United States v. Cylburn, Criminal No. 1:04-00050 (W.D.Va. May 10, 2005), Document No. 16. In Count One, Petitioner was charged with conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Id. In Count Two, Petitioner was charged with knowingly manufacturing 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Id. In Count Three, Petitioner was charged with knowingly possessing pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) and (2). Id. In Count Four, Petitioner was charged with knowingly maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856. Id. In Count Five, Petitioner was charged with the endangerment of life by the manufacturing of a controlled substance in violation of 21 U.S.C. § 858. Id. In Count Six, Petitioner was charged with knowingly using, carrying, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Id. In Count Seven, Petitioner was charged with the possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Id. On February 2, 2005, following a two-day jury trial, Petitioner was found guilty of all seven counts as charged in the Indictment. Id., Document No. 113. On February 23, 2005, Petitioner, by counsel, filed a Motion for Acquittal as to Counts One and Six. Id., Document No. 141. By Order entered on May 3, 2005, the District Court granted Petitioner's Motion for Judgment of Acquittal as to Count Six and denied the Motion as to Count One. Id., Document No. 159. Petitioner was sentenced on May 10, 2005, to a 97-month term of imprisonment as to Counts One, Two, Three, Four, Five, and Seven, to run concurrently. Id., Document Nos. 160 and 161. The District Court also imposed a four year term of supervised release. Id.

On May 13, 2005, the United States filed its Notice of Appeal. Id., Document No. 170. On June 10, 2005, Petitioner, by counsel, filed a Notice of Appeal. Id., Document No. 174. On May 17, 2006, the Fourth Circuit Court of Appeals (1) affirmed the District Court's denial of Petitioner's Motion for Judgment of Acquittal notwithstanding the verdict as to Count One of the Indictment;

and (2) reversed the District Court's granting of Petitioner's Motion for Judgment of Acquittal notwithstanding the verdict as to Count Six of the Indictment and remanded to the District Court to reinstate the jury's verdict of guilty.[2] United States v. Clyburn, 181 Fed.Appx. 343 (4th Cir. 2006). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 2, 2006. Clyburn v. United States, 549 U.S. 933, 127 S.Ct. 314, 166 L.Ed.2d 236 (2006). The District Court resentenced Petitioner on September 11, 2006, to a total term of "One hundred fifty seven (157) months. This term consists of ninety seven (97) months as to counts 1s, 2s, 3s, 4s, 5s, and 7s to run concurrently with each other and sixty (60) months as to Count 6s to run consecutively with the other terms." Id., Document No. 268. The District Court further imposed a 4-year term of supervised release. Id. On September 18, 2006, Petitioner filed his Notice of Appeal. Id., Document No. 270. The Fourth Circuit Court of Appeals affirmed Petitioner's amended sentence on September 18, 2007. United States v. Clyburn, 247 Fed.Appx. 418 (4th Cir. 2007).

Petitioner filed the instant Petition on February 20, 2009. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Government knowingly falsified the basis for charges and resulting sentence levels on Counts 1 - 5" (Id., pp. 14 - 16.); (2) The "properly dismissed charge was reinstated at government's demand on improper basis" (Id., pp. 16 - 21.); (3) The charge contained in Count Seven was "improperly added beyond 30-day limit, on same conduct, and knowingly false basis" (Id., pp. 21 - 23.); and (4) The "false endangerment charge was added with no basis" (Id., pp. 23 - 24.). Petitioner requests that this Court release him from further incarceration. (Id., p. 29.)

---

[2] The Fourth Circuit held as follows: (1) The evidence was sufficient to support the conviction for possessing a firearm in furtherance of a drug trafficking crime; and (2) The evidence was sufficient to support the conviction for conspiracy to manufacture 50 grams or more of a mixture or substance containing methamphetamine. *Clyburn*, 181 Fed.Appx. at 346-48.

3

By Proposed Findings and Recommendation entered on August 3, 2010, the undersigned recommended that Petitioner's Section 2241 Petition be dismissed. (Document No. 7.) The undersigned determined that Petitioner's Section 2241 Petition should be dismissed because the Petition challenged the validity of his federal conviction and sentence and Petitioner had not demonstrated that Section 2255 was inadequate or ineffective.[3] (Id.) By Memorandum Opinion and Order entered on December 7, 2010, United States District Judge Irene C. Berger declined to adopt the undersigned's recommendation and notified Petitioner of its intention to re-characterize his Section 2241 Petition as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Document No. 9.) Judge Berger ordered as follows (Id., pp. 6 - 7.):

> It is therefore **ORDERED** that Petitioner shall have twenty (20) days from the date of this Order in which to notify the Court if he does not wish for the instant petition to be construed as a Section 2255 motion. It is **FURTHER ORDERED** that if Petitioner does not object to the court recharacterizing his Petition as a Section 2255 motion, then Petitioner shall, within twenty (20) days from the date of this Order, demonstrate to the Court that the Section 2255 motion would be timely filed. It is **FURTHER ORDERED** that this matter is re-referred to the Honorable United States Magistrate Judge R. Clarke VanDervort for consideration of Petitioner's response, if any, consistent with the instant order.

On April 5, 2011, Petitioner filed his Response stating that he does "not object to my Writ of Habeas Corpus 2241 being recharacterized as a Section 2255 Motion."[4] (Document No. 10.)

---

[3] Citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000), the undersigned noted that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." In an effort to determine if Petitioner's Section 2241 Petition should be construed as a Section 2255 Motion, the undersigned briefly considered his claims under Section 2255. The undersigned determined that construed as a Section 2255 Motion, Petitioner's claims were untimely. The Court, therefore, recommended that Petitioner's Section 2241 Petition be dismissed.

[4] Although Petitioner fails to demonstrate the timeliness of his Section 2255 Motion, the undersigned finds it inappropriate for this Court to rule upon Petitioner's Section 2255 Motion. A Section 2255 Motion must be filed in the sentencing court. See 28 U.S.C. § 2255; United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008)(stating that a Section 2255 petition is filed with the original

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner is requesting that his conviction and sentence be overturned due to an "illegal custodial interrogation," insufficient evidence, prosecutorial misconduct, and entrapment. (Document No. 1, pp. 14 - 24.) Petitioner is therefore claiming that his conviction and sentence are invalid. His assertions are in the nature of those typically considered under Section 2255. By Order entered on December 7, 2010, the District Court notified Petitioner that his claims are ones properly considered under Section 2255, not Section 2241. (Document No. 9.) Subsequently, Petitioner

---

sentencing court.) Since Petitioner's Section 2241 Petition has been construed as a Section 2255 Motion, the Section 2255 Motion must be transferred to the Western District of Virginia for further proceedings.

advised the Court that he agreed that his Section 2241 Petition should be construed as a Section 2255 Motion.(Document No. 10.) Accordingly, in view of the nature of his claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Western District of Virginia. This District Court does not have jurisdiction to consider Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Western District of Virginia.

Consideration must be given to whether this matter should be dismissed or transferred to the Western District of Virginia. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer.[5] See Wilson v. Williamson, 2006 WL 218203, *

---

[5] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

2 (S.D.W.Va.)(Chief Judge Faber presiding). The undersigned finds that Petitioner's claims in this matter are deserving of consideration by the District Court with jurisdiction (the Western District of Virginia) and that the transfer of this matter is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Western District of Virginia pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Western District of Virginia.

ENTER: September 7, 2011.

R. Clarke VanDervort
United States Magistrate Judge

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.